IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>v.<br><br>RICHARD HOLT,<br><br>  Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE (CONSTRUED AS A MOTION UNDER 28 U.S.C. § 2255)**<br><br>Case No.  2:19-cr-00413-CW<br><br>Judge Clark Waddoups |

This matter is before the court on Richard Holt's Motion Under 28 U.S.C. § 2255, which was initially filed as a Motion to Modify Conditions of Release. (ECF No. 42.) After Mr. Holt pleaded guilty to possession of child pornography (ECF Nos. 30, 32), the court sentenced Mr. Holt on December 16, 2020, to a term of 156 months, followed by a 25-year term of supervised release. (ECF Nos.39, 40.)  Mr. Holt now seeks to have this court reduce his 25-year term of supervised release—which he has not started and will not start for many more years—on the ground that it violates the Double Jeopardy Clause of the Fifth Amendment.

**I.  PROCEDURAL BACKGROUND**

On September 5, 2023, Mr. Holt filed a Motion to Modify Conditions of Release.  (ECF No. 42.) In response, the United States urged the court to construe the motion as a motion brought under 28 U.S.C. § 2255 and to deny the motion. (ECF No. 45.)  The court agreed that the motion should be construed as a § 2255 motion, and, on December 6, 2023, the court notified Mr. Holt that it intended to construe his motion as a motion brought under 28 U.S.C. § 2255 (the "Notice"). (ECF No. 46.)

In the Notice, the court provided Mr. Holt with various options, including withdrawing the motion or amending the motion to include all § 2255 claims that Mr. Holt wanted the court to

consider. The court also notified Mr. Holt that if he did not withdraw or amend his motion by January 8, 2024, the court would construe the instant motion under the standards set forth in 28 U.S.C. § 2255. The court mailed the Notice to Mr. Holt, and out of an abundance of caution, the court also mailed to Mr. Holt a copy of the government's response memorandum.

Approximately one week later, on December 14, 2023, Mr. Holt filed a Motion for Extension of Time to reply to the government's opposition memorandum. (ECF No. 47.) In his motion, Mr. Holt stated that he had not received the government's memorandum. Defendant did not mention the court's Notice of Intent to Construe Motion to Modify Conditions of Supervised Release Conditions as a Petition Brought Under 28 U.S.C. § 2255. *Id*. The court granted Mr. Holt's motion for an extension of time, giving him through February 12, 2024, to respond (the "Extension Order"). (ECF No. 48.) In the Extension Order, the court again explained its intent to treat his motion as one brought under 28 U.S.C. § 2255. And when it mailed the Extention Order to Mr. Holt, the court again included the previous Notice and the government's response memorandum.

As of March 6, 2024, Mr. Holt has not withdrawn his motion or filed an amended motion. Accordingly, the court will construe Mr. Holt's Motion to Modify Conditions of Release as a motion brought under 28 U.S.C. § 2255. It is clear that Mr. Holt's constitutional challenge to his term of supervised release is a collateral attack on the validity of his sentence. *See* 18 U.S.C. § 3583(a) (a term of supervised release is "a part of the sentence"). Consequently, § 2255 provides his "exclusive remedy." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). As this court recently noted in an order dismissing an identical motion:

> While [defendant's] amended motion seeks to shoehorn the relief he seeks to fit within the scope of Section 3583(e)(2) by characterizing it as a reduction of the conditions to 'No Conditions,' rather than a vacation of his sentence, [defendant's]

2

> wordsmithing does not alter the fact that the grounds for the relief he seeks are based on a claim that his sentence to supervised release was illegal.

*United States v. Stark*, 2023 WL 3391533, at *3 (D. Utah May 11, 2023).[1] For the reasons set forth below, the court dismisses Mr. Holt's recharacterized motion.

## II. DISCUSSION

The court denies Mr. Holt's motion for five independent reasons.

### A. Mr. Holt's Section 2255 Motion Is Time-Barred.

First, Mr. Holt did not file his motion within the applicable one-year limitations period, and it is therefore time-barred. Section 2255 imposes a one-year statute of limitations for a federal prisoner to file a motion challenging the validity of his sentence. The limitations period runs from the latest of several dates. *See* 28 U.S.C. § 2255(f)(1)-(4). "In most instances"—including this case—"the applicable date is the day on which the conviction became final." *United States v. Stang*, 561 Fed. Appx. 772, 773 (10th Cir. 2014) (citing 28 U.S.C. § 2255(f)(1)). Where, as here, a defendant "does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal." *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006).

Because Mr. Holt did not file a direct appeal, his conviction became final on December 30, 2020, "when his time for a direct appeal expired—fourteen days after the court entered its judgment of conviction." *Id.*; *see* ECF No. 40; Fed. R. App. P. 4(b)(1)(A). The one-year limitations period expired on December 30, 2021. *See United States v. Hurst*, 322 F.3d 1256,

---

[1] Indeed, Mr. Holt and Mr. Stark, who are both currently housed at FCI-Englewood, appear to have filed the same form-motion in their cases, with their respective case details filled into the provided blank spaces. *Compare* Motion to Modify Conditions of Release, ECF No. 42 *with* Motion to Modify or Terminate Conditions of Release as Unconstitutional, *USA v. Stark*, No. 2:14-cr-12-CW, ECF No. 62.

1260 (10th Cir. 2003) (adopting the "anniversary method" for calculating the one-year limitations period in § 2255(f)). Holt did not file his motion until September 5, 2023—over twenty months after the limitations period expired. (ECF No. 42.)

The one-year limitations period contained in § 2255(f)(1) is not jurisdictional, however, and may be subject to equitable tolling if Mr. Holt can demonstrate (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008). But Mr. Holt's motion fails to demonstrate that his delay in filing was beyond his control or that he has diligently pursued his claim. As a result, equitable tolling is not appropriate. Therefore, Mr. Holt's motion is time barred.

### B. Holt's Section 2255 Motion Is Procedurally Barred.

Mr. Holt did not raise his claim in a direct appeal, and therefore it is procedurally barred. As a general rule, a defendant who "fails to raise an issue on direct appeal . . . is barred from raising it in a § 2255 motion." *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (quotations omitted). Mr. Holt did not file any direct appeal, and thus he can raise his double jeopardy claim in his § 2225 motion *only* if he can show (1) "cause excusing his procedural default and actual prejudice resulting from the errors of which he complains" or (2) "that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id.*; *see also United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) (quotations omitted) ("A § 2255 motion is not intended as a substitute for an appeal. . . . Consequently, failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review."). "This rule applies even where the defendant has waived his right to appeal." *United States v. Majid*, 196 Fed. Appx. 685, 686

4

(10th Cir. Sept. 18, 2006) (unpublished) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)).

Mr. Holt's motion, even liberally construed, makes no attempt to identify any ground for overcoming the procedural bar. Therefore, his motion is barred for this reason.

### C.  Mr. Holt Waived His Right to Collaterally Attack His Sentence

In his Plea Agreement, Mr. Holt waived his right to collaterally attack his sentence under § 2255. Courts in the Tenth Circuit apply a three-part test to determine if a waiver is enforceable: "(1) whether the disputed [claim] falls within the scope of the waiver of [§ 2255] rights; (2) whether the defendant knowingly and voluntarily waived his [§ 2255] rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.'" *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (first brackets in original)); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (applying *Hahn*'s three-part test to a collateral attack proceeding).

All three parts are satisfied here, rendering Mr. Holt's waiver enforceable. First, his § 2255 motion falls within the scope of his plea agreement waiver. As in *Viera*, the waiver provision in Holt's plea agreement "not only . . . waives his rights to collaterally attack but expressly names § 2255 motions as waived." 674 F.3d at 1217; *see also* ECF No. 32 at ¶ 12(e)(2). The provision makes clear that the word "'sentence' appearing throughout this waiver provision is being used broadly and applies to all aspects of the court's sentencing authority, including but not limited to . . . the imposition of . . . supervised release, probation, and any specific terms and conditions thereof[.]" (ECF No. 32. at ¶ 12(e)(4)). As noted above, supervised release is "a part of the sentence" under 18 U.S.C. § 3583(a). Holt's waiver unambiguously includes his right to challenge his sentence under § 2255 "except on the issue of ineffective

5

assistance of counsel." ECF No. 32 at ¶ 12(e)(2).  And his § 2255 motion has nothing to do with ineffective assistance of counsel; rather, he challenges the constitutionality of his sentence only on double-jeopardy grounds.

Second, during Holt's change-of-plea hearing, the court found that Mr. Holt "knowingly, intelligently and voluntarily" entered the plea agreement. (ECF No. 30.) In that agreement, Mr. Holt represented that his decision to enter the plea "was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea." (ECF No. 32 at 9.) Holt further stated that he had "no mental reservations concerning the plea," and was not "under the influence of any drugs, medication, or intoxicants" "when [he] made the decision to enter the plea." (*Id*. at 8-9.)  Especially relevant here is the fact that the the waiver provision states—and Mr. Holt agreed—that he "knowingly, voluntarily, and expressly waive[d his] right to challenge [his] sentence . . . including but not limited to a motion brought under 28 U.S.C. § 2255." (*Id*. ¶¶ 12(e)(2), 12(e)(1).)

Finally, enforcing Mr. Holt's waiver will not result in a miscarriage of justice. "[A] miscarriage of justice through enforcement of a waiver occurs only in one of four situations: [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Viera*, 674 F.3d at 1219 (quotations omitted). None of those situations applies here. Mr. Holt, who bears the burden on this issue, makes no attempt to argue otherwise. Thus, the court finds that as part of his plea deal, Mr. Holt waived his right to file the instant § 2255 motion.

### D. Mr. Holt's Challenge Is Not Ripe

Fourth, Holt's challenge to his term of supervised release under the Double Jeopardy Clause is not ripe. Holt will not begin his 25-year term of supervised release until December 2030. Nevertheless, Holt argues that "when [he] violates one or more of the conditions" of his supervised release in the future, (ECF No. 42 at 5 (emphasis added)), any resulting revocation proceeding (including arrest, prosecution, and punishment) violates double jeopardy because it will constitute "multiple prosecutions and punishment for the same offense." (*Id.*).

Even in the limited circumstances in which the Supreme Court has recognized the potential for double jeopardy concerns to arise in the supervised release context, at a minimum, there must first be (i) a defendant on supervised release who (ii) commits a violation of one of § 3583(k)'s enumerated offenses, and (iii) is thereby subjected to revocation proceedings. Because Holt has not yet started his term of supervised release, it is impossible to know at this stage whether any double jeopardy issues might arise in the future. Because Mr. Holt's preemptive double jeopardy challenge "rests upon contingent future events" that are "not yet [] sufficiently developed," his claim is not fit for judicial review. *United States v. Ford*, 882 F.3d 1279, 1283 (10th Cir. 2018) (quotation marks omitted). Nor will Mr. Holt suffer any hardship if this court withholds its review of the merits of his claim, as he does not face any "direct and immediate dilemma" with respect to his sentence. *Id*. Upon his release, he may never face revocation of his supervised release. Accordingly, the court finds that Mr. Holt's claim is not ripe for judicial review.

### E. Mr. Holt's Challenge Is Foreclosed by Supreme Court Precedent

Finally, Mr. Holt's constitutional challenge is squarely foreclosed by Supreme Court and Tenth Circuit precedent. A term of supervised release imposed at sentencing does not violate the Double Jeopardy Clause because "supervised release punishments arise from and are 'treated as part of the penalty for the *initial offense*.'" *United States v. Haymond*, 139 S. Ct. 2369, 2379-80 (plurality op.) (quoting *Johnson v. United States*, 529 U.S. 694, 700 (2000) (emphasis added)); *United States v. Shakespeare*, 32 F.4th 1228, 1230 (10th Cir. 2022).

Mr. Holt received a single sentence under a statute which allowed the imposition of supervised release in addition to incarceration. *See* 18 U.S.C. § 3583(a); *United States v. Robinson*, 62 F.3d 1282, 1285 (10th Cir. 1995). Because Congress specifically authorized Mr. Holt's sentence to include both a term of imprisonment and a term of supervised release, his sentence does not violate his Fifth Amendment right to protection against double jeopardy. *See Ohio v. Johnson*, 467 U.S. 493, 499 (1984).

To the extent Mr. Holt contends that *Haymond* compels a different conclusion (*see* ECF No. 42 at 7-8), he is mistaken. *Haymond* concerned the constitutionality of 18 U.S.C. § 3583(k)—a provision that is not at issue in this case and that may never be relevant to Mr. Holt unless and until he violates one of its enumerated offenses while on supervised release.

Haymond's narrow holding does not call into question § 3583's broader constitutionality under the Double Jeopardy Clause. Indeed, both the *Haymond* plurality and Justice Breyer confirmed that "an accused's final sentence includes any supervised release sentence he may receive," and emphasized that "supervised release punishments arise from and are 'treat[ed] . . . as part of the penalty for the initial offense.'" *Haymond*, 139 S. Ct. at 2379-80 (plurality op.) (quoting *Johnson*, 529 U.S. at 700); *see also id*. at 2386 (Breyer, J., concurring). The plurality

also expressly disclaimed casting any doubt on the constitutionality of supervised release more generally. *See id*. at 2383-84 & 2382 n.7. Moreover, every Court of Appeals to have considered the matter, including the Tenth Circuit, has likewise refused to interpret *Haymond* to suggest that supervised release under § 3583 is broadly constitutionally suspect. *See*, *e.g.*, *Shakespeare*, 32 F.4th at 1230 ("Neither the plurality opinion in *Haymond* nor Justice Breyer's concurring opinion purport to overrule *Johnson*."); *United States v. Peguero*, 34 F.4th 143, 158-59 (2d Cir. 2022) (joining "[e]very sister Circuit that has considered the issue thus far" to conclude that *Haymond* "specifically left untouched the general revocation provision" in § 3583(e) (citing cases)); *United States v. Watters*, 947 F.3d 493, 498 (8th Cir. 2020) (rejecting argument that "*Haymond* abrogates our double jeopardy precedent").

In sum, Mr. Holt's argument that his sentence violates double jeopardy is inconsistent with United States Supreme Court and Tenth Circuit precedent governing supervised release, and the court denies his motion on this basis.

The court denies a certificate of appealability because there is no room for reasonable debate.

## CONCLUSION

For the reasons stated herein, the court DENIES and DISMISSES Mr. Holt's Motion to Modify Conditions of Release, which the court has construed as a Motion Under § 2255 (ECF No. 62). The court DENIES a certificate of appealability.

DATED this 11th day of March 2024.

BY THE COURT:

_____
Clark Waddoups
United States District Judge